### FOPPE v. FOPPE et.

Common Pleas Court, Hamilton County.

No. A-126772.   Decided October 31, 1951.

Barbour, Kimpel & Allen, Cincinnati, for the plaintiff.
Burke & Coney, Cincinnati, contra.

### OPINION

By RYAN, J.

This is an action for the partition of several parcels of real estate which the plaintiff and defendants inherited from their father, George Foppe, who died on July 5, 1950, leaving a Last

Will and Testament which was duly admitted to probate and record by the Probate Court of this county.

Item VII of said Last Will and Testament, inter alia. provides as follows: "I give, devise and bequeath to my daughter Marie Foppe the right to reside in my residence where I now live, 5810 Madison Road, Cincinnati, Ohio, for a period of one year from my death without paying any rent for said occupancy during that period."

Item X provides: "All the rest, residue and remainder of my estate be it real, personal, or mixed, tangible or intangible, of every kind and description of whatsoever nature, wheresoever situate which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath to my children August W. Foppe, William A. Foppe, Bernard Foppe, Marie Foppe, Fred F. Foppe, Anna Jones and Agnes Abel, share and share alike, absolutely and in fee simple."

This action was filed on May 1, 1951.

The defendants contend that the plaintiff did not have possession as to parcel 3 and therefore as to that parcel had no right to maintain this action.

It is contended by the plaintiff that Item VII does not prevent him from seeking partition; that Marie Foppe has nothing more than a mere right to occupy the residence for the period of one year free of the payment of rent.

Possession, or the immediate right to possession, is necessary in order to maintain a suit in partition.

**Reibow v. McKerrow, 48 Oh Ap, 115,** citing **Lauer v. Green, 99 Oh St, 20,** which holds that: "Syl. 1. The provisions of §12026 GC confer upon every tenant in common **having possession or the right of possession** of lands the right to compel partition of the same.

See also **Hoffman v. Hoffman, 61 Oh Ap, 371, 15 O. O. 255** at page 374, wherein it is held that possession is an essential prerequisite to the right to partition.

On consideration of the question here presented and examination of authorities submitted, the court is of the opinion that the plaintiff did not have possession of Parcel 3 herein and that at the time of the filing of his petition he did not have the right to partition.

As to said Parcel 3, all plaintiff had was a right to the remainder after the expiration of the term granted to Marie Foppe under the Last Will and Testament of the father, George Foppe, and further that the grant was not limited merely to occupancy of the house as contended but included all the parcel used for residence purposes both land and building.

While the right of partition, either under the statute or in

equity, should be liberally construed (**Black v. Sylvania Oil Company, 105 Oh St, 346**) the court cannot recognize such right where a testator has by the provisions of his will withheld possession, which has been held to be a prerequisite to the right of partition.

An entry may be presented in accordance herewith.